FILED
2012 SEP 26 PM 2:56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON PARK ALTA LOMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OMAR READER, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 12-1531-UA (DUTYx)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA |

　　　On August 16, 2012, Plaintiff Madison Park Alta Loma filed an unlawful detainer action against Defendants Omar Reader, Gonzella Reader, and Ibraheem Reader in San Bernardino County Superior Court.

　　　On September 7, 2012, Defendants filed a Notice of Removal. Defendants allege jurisdiction pursuant to 28 U.S.C. § 1443(1). The Notice of Removal states that the Complaint presents a federal question such that the case could have originally been filed in this Court. (Notice of Removal at 1.)

　　　When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §

1446(c)(4). For the reasons given below, the Court has determined that the case must be remanded to state court.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. A federal question exists only when it is presented by what is or should have been alleged in the complaint. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n. 2 (2002). The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. Id. at 831.

Defendants assert federal question subject matter jurisdiction under 28 U.S.C. § 1331 on the basis that their eviction would constitute disability discrimination. (Notice of Removal at 1-2.) This assertion is without merit because Defendants cannot create federal subject matter jurisdiction by adding claims or defenses to a notice of removal. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Rather, the propriety of removal is determined solely on the basis of the pleadings filed in state court, and the focus is on "the complaint at the time the removal was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); see also California ex rel. Lockyer v. Dynegy, Inc., 375

F.3d 831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal").

Case law unequivocally establishes that a state law claim for unlawful detainer does not present a federal question. See, e.g., MFC Twin Builders, LLC v. Fajardo, 2012 WL 3862399, at *4 (E.D. Cal. Sep. 5, 2012); U.S. Bank Nat'l Ass'n v. Tyler, 2010 WL 4918790, at *2 (N.D. Cal. Nov.12, 2010); OneWest Bank FSB v. Ignacio, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010); IndyMac Fed. Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010); HSBC Bank, N.A. v. Bryant, 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009). The Complaint sets forth a single unlawful detainer claim. This is purely a state law claim and there is no federal question jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that this case be remanded to the San Bernardino County Superior Court.

IT IS SO ORDERED.

DATED: 9/21/12

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE